IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CATHERINE ROBBINS                                                                                       PLAINTIFF

V.                                                                              CIVIL ACTION NO. 2:03CV328-B-A

CLEVELAND SCHOOL DISTRICT                                                              DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Catherine Robbins, brought this action against Cleveland School District alleging that her employment was terminated without due process of law because of her race and in retaliation for actions that were protected by the First Amendment. The plaintiff was employed by the defendant as a twelfth grade teacher at East Side High School in Cleveland, Mississippi.

During the 2001-02 school year, the school's principal, Dwight Luckett, admonished Robbins regarding matters of student discipline, particularly for her sending students to the principal's office for discipline rather than correcting the problem in the classroom. She was further admonished regarding her submission of grades for her senior English classes in May 2002, just prior to graduation. She gave failing grades to fourteen senior students who were thereby rendered unable to graduate. The plaintiff stated that the grades resulted from the students' failure to make up work they had missed when absent from class. Luckett and the school's guidance counselor took the position that the plaintiff should have informed them prior to turning in the grades that these students were in danger of failing. They asserted that she had not taken steps in accordance with school

protocol to address the problems of the students in a timely manner. The school administration ultimately allowed all of the students to receive passing grades in the plaintiff's class and to graduate.

During the early part of the 2002-03 school year, the plaintiff continued to violate the principal's policies about sending students to the office. When Luckett would send the students back to Robbins' classroom, Robbins refused to let them reenter. On September 6, 2002, Luckett wrote a letter complaining of the plaintiff's behavior to the district's superintendent, Reginald Barnes. The plaintiff was suspended for three days for failing to readmit five students to her classroom after having sent them to the office and for leaving a parent-teacher conference before it ended. Barnes fired the plaintiff on September 18, 2002.

On October 10, 2003, Robbins, who is white, filed this suit alleging that the black administrators terminated her employment because she gave failing grades to fourteen black students. The defendant subsequently moved for summary judgment. Robbins' original counsel withdrew from this case, and Robbins has never responded to the motion for summary judgment. On January 18, 2005, the court granted the plaintiff's motion to continue the trial and allowed her thirty days to obtain new counsel and submit a response to the motion. The plaintiff has failed to obtain counsel and has not responded to the motion. She has also failed to contact the court to apprise it of her intentions regarding this case and whether she wishes to proceed. Despite the plaintiff's apparent loss of interest in the case, the court will not grant a motion for summary judgment simply as unopposed. Rather the court must examine the merits of the motion.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## Analysis

The plaintiff contends that her employment termination violated the First Amendment because it was in retaliation for her giving failing grades to fourteen senior English students. To establish a First Amendment retaliation claim, the plaintiff must show that (1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on the matter of public concern outweighed the employer's interest in promoting efficiency; and (4) the adverse employment action was motivated by her protected speech. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004).

The defendant correctly asserts that the plaintiff's First Amendment claim founders at the threshold level because an educator's grading policy or assignment of grades is not protected speech. In *Hillis v. Stephen F. Austin State Univ.*, 665 F.2d 547, 552-53 (5th Cir. 1980), the Fifth Circuit

3

stated that, "[w]hile academic freedom is well recognized . . . it's perimeters are ill-defined, and the case law defining it is inconsistent." *Hillis*, 665 F.2d at 553 (internal citations omitted). The First Amendment "protects against infringements on a teacher's freedom concerning classroom content and method," but the refusal to assign a certain grade is not a "teaching method." *Id.* The Fifth Circuit found that the defendants in *Hillis* had not sought to "cast a pall of orthodoxy" over the plaintiff's classes. *Id.* (quoting *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603, 87 S. Ct. 675, 683, 17 L. Ed. 2d 629 (1967)). This court finds likewise in the case sub judice.

The plaintiff also alleges that her employment was terminated as the result of race-based discrimination. To establish a prima facie case of race discrimination, a plaintiff must demonstrate "(1) that she was a member of a protected class; (2) that she was qualified for the position; (3) that she was discharged; and (4) after she was discharged, she was replaced with a person who is not a member of the protected class," *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). As an alternative to the fourth requirement, the plaintiff may show that other similarly-situated employees were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). When there is insufficient direct evidence of discrimination, the *McDonnell-Douglas* burden-shifting framework is applied. *Evans v. City of Bishop*, 238 F.3d 586, 590 (5th Cir. 2000) (citing *McDonnell-Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). If the plaintiff establishes a prima facie case, the burden then shifts to the employer to articulate a legitimate non-discriminatory reason for the discharge. *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003). The plaintiff may prevail if she persuades the trier of fact that the employer's proffered reason for the discharge is a pretext for discrimination. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002). Summary judgment is inappropriate where the plaintiff has

presented evidence that creates a genuine issue of material fact "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and 'another motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (citations omitted) (interpreting the mixed-motive analysis of *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S. Ct. 2148, 156 L. Ed 2d 84 (2003), and applying the modified *McDonnell-Douglas* approach). Throughout the burden-shifting framework, the ultimate burden of persuading the trier of fact that the defendant's actions were intentionally discriminatory remains at all times with the complainant. *Tex. Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981).

The court finds insufficient direct evidence of discrimination in this case. Although the plaintiff does allege that Barnes told her that "this is a racial matter," the evidence makes clear that this statement, when read in context, is not direct evidence of discrimination. Robbins explained in her deposition that Barnes made the statement during a conversation with Robbins in which he was urging her to visit the local chief of police. The plaintiff admits that Barnes' statement was made in reference to his concern for her safety because he was aware that parents and other members of the community were angry that she had failed fourteen students. The superintendent's statement clearly does not pertain to the plaintiff's employment termination.

Since sufficient direct evidence of discrimination does not exist, the court must apply the *McDonnell-Douglas* framework to the facts of the case. The plaintiff has put forth not a scintilla of evidence that she was replaced by a member outside her protected class or that other similarly-situated employees were treated more favorably. Her prima facie case, therefore, fails. It is

5

unnecessary to continue the analysis further, but it does appear that even if the plaintiff were to somehow establish a prima facie case of discrimination, the defendant has proffered an extensive list of legitimate non-discriminatory reasons for the termination. Some of these reasons could arguably present questions of fact, thus allowing the case to survive summary judgment, but the plaintiff's inability to establish a prima facie case precludes such a result under these circumstances.

Finally, the plaintiff alleges that her right to due process was violated. The parties agree that the plaintiff had a property interest in continuing employment and was therefore entitled to due process in connection with her termination. The right to a due process hearing, however, can be waived, and a discharged employee cannot claim a due process violation where she has chosen not to request or attend a hearing. *Terrell v. Univ. of Texas Sys. Police*, 792 F.2d 1360, 1362 (5th Cir. 1986). It is uncontested that the school district scheduled a hearing for the plaintiff to be held on October 18, 2002. The plaintiff, through her attorney, requested that the hearing be postponed. Robbins' attorney made no effort to reschedule the hearing and was later dismissed by the plaintiff. The school district scheduled another hearing for March 2003, but the hearing was again postponed. The hearing finally began on June 17, 2003. At the hearing, the school district presented its case in chief, and the plaintiff presented her testimony as her case in chief. After the plaintiff's direct examination concluded, the hearing was recessed with the understanding that it would resume to permit the school district's attorney to cross-examine the plaintiff and present rebuttal witnesses. The school board's attorney subsequently made efforts to schedule the remainder of the hearing, but Robbins' attorney did not respond. The plaintiff dismissed this, her second attorney, and later retained a third attorney who elected to pursue this litigation rather than the plaintiff's administrative appeal. As mentioned above, the plaintiff has since dismissed the third attorney. The uncontested

facts regarding the administrative appeal clearly reveal that the plaintiff waived her right to due process in connection with her termination.  The record shows that the responsibility for the failure to complete the due process hearing lies with the plaintiff – not the school district.  For this reason, the plaintiff's due process claim fails.

<u>Conclusion</u>

The court finds no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.  The defendant's motion for summary judgment will, therefore, be granted.  A separate order in accord with this opinion shall issue this day.

This, the 31st day of May, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**